IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUPERT J. ORTEGA,

    Plaintiff,

v.                                                      Civ. No. 20-1245 GBW

KILOLO KIJAKAZI,
*Acting Commissioner of the Social*
*Security Administration*,

    Defendant.

## ORDER GRANTING IN PART ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B)

THIS MATTER comes before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum. *Doc. 40*. Plaintiff seeks an award of $49,830.50 in attorney's fees. *Id*. at 1. The Commissioner takes no position on Plaintiff's request. *Doc. 42* at 1. For reasons described in greater detail below, the Court finds that Plaintiff's requested award is excessive. The Court will therefore GRANT Plaintiff's motion IN PART and award Plaintiff's attorney $37,373.00 in attorney fees.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his initial application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") on March 24, 2014, alleging disability beginning March 25, 2012. Administrative Record ("AR") at 13. After the

Administrative Law Judge ("ALJ") and Social Security Appeals Council denied Plaintiff benefits on December 8, 2017, and September 24, 2018, respectively, AR at 1, 10, Plaintiff filed suit in this Court on November 23, 2018.  Complaint at 1, *Ortega v. Berryhill*, No. 18-cv-1092-KK (D.N.M. Nov. 23, 2018).  The Court granted Plaintiff's motion to remand his case to the Social Security Administration ("SSA") on November 19, 2019. Memorandum Opinion and Order at 1, *Ortega v. Berryhill*, No. 18-cv-1092-KK (D.N.M. Nov. 19, 2019).  The Court also granted the parties' joint motion for an award of $5,000.00 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on February 14, 2020.  Order Granting Stipulation to Award of Attorney Fees Under the Equal Access to Justice Act at 1, *Ortega v. Berryhill*, No. 18-cv-1092-KK (D.N.M. Feb. 14, 2020).

After the ALJ denied Plaintiff's benefits for a second time on October 22, 2020, AR at 447, Plaintiff again filed suit in this Court on December 1, 2020, *doc. 1*.  On December 3, 2021, the Court remanded the case to the SSA, *doc. 35*, and on March 15, 2022, the Court awarded Plaintiff's attorney $7,500.00 in EAJA fees, *doc. 39*.  On August 2, 2022, the SSA awarded Plaintiff past-due benefits, of which $59,830.50 was withheld by the agency for the purpose of paying attorney fees. *Doc. 40* at 4, *doc. 40-1* at 18.

In the present motion, Plaintiff asks the Court to award Plaintiff's attorney's firm, Michael Armstrong Law Office, LLC ("Armstrong Law"), a fee of $49,830.50, which is

2

approximately 20.8% of Plaintiff's total past-due benefits.[1]  *Doc. 40* at 2.  Armstrong Law represented Plaintiff before this Court during both of Plaintiff's appeals from the SSA decisions.  *Id*. at 4.  Throughout Armstrong Law's representation of Plaintiff, three attorneys, Laura Joellen Johnson, Katherine Hartung O'Neil, and Michael Armstrong, worked on Plaintiff's case.  *Doc. 40-1 at 22-27.*

II.   STANDARD OF REVIEW

Attorneys representing Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406.[2]  Fees pursuant to 42 U.S.C. § 406 are awarded upon a claimant's receipt of past-due benefits.  *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006).  Fees for representation at administrative proceedings are governed by § 406(a), while § 406(b) governs fees for representation in court.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court."  *McGraw*, 450 F.3d at 498.

Fee awards under § 406(b) are governed by two conditions: a 25 percent cap and a reasonableness standard.  First, the Court may not award fees "in excess of 25 percent

---

[1] There is no record before the Court of the total amount of the past-due benefits awarded by the SSA to Plaintiff.  Because the SSA generally withholds 25 percent of past due benefits in order to pay an approved representative's fee, *see doc. 40-1* at 18, the Court estimates the amount of past-due benefits awarded to Plaintiff by the SSA to be approximately $239,322.00.

[2] If an attorney receives awards under both EAJA and § 406(b), the attorney must refund the smaller award to the claimant.  *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).  Plaintiff's attorneys have indicated that they will refund both EAJA awards to Plaintiff if the Court grants the Plaintiff's motion for attorney fees under § 406(b).  *Doc. 40* at 2.

3

of the total of the past-due benefits" owed to Plaintiff as a result of the favorable judgment by the SSA. 42 U.S.C. § 406(b)(1)(A). This cap applies "only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). Second, the Court may only award fees which are "reasonable." 42 U.S.C. § 406(b)(1)(A). Plaintiff's attorney has the burden of showing "that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Although the standard for fee awards under § 406(b) does not "displace contingent-fee agreements," the Court's review of fee arrangements serves as an "independent check[] to assure that [these arrangements] yield reasonable results in particular cases." *Id.*

A Court's reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808 (citation omitted). In making such a determination, a court may therefore consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case. *Id*. (citations omitted); *see also Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010). With respect to the third factor, the size of the award should not create a "windfall" for an attorney. *Gisbrecht*, 535 U.S. at 808 (citations omitted). That is, an attorney should not receive an outsized fee award as compared to other fee awards in the district simply because that attorney's

4

client happened to receive a higher-than-average benefit amount. *See Upton v. Saul*, No. CV 19-482 CG, 2021 WL 2314882, at *2 (D.N.M. June 7, 2021) (stating that because the total value of a claimant's benefit amount is determined by the claimant's underlying eligibility and not the "quality of representation," and because most social security appeals involve a similar number of hours of attorney work, the size of the fee award should not be inflated due to the size of the benefit amount). Because "district courts are accustomed to making reasonableness determinations in a wide variety of contexts, . . . their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Gisbrecht*, 535 U.S. at 808.

### III. ANALYSIS

The Court finds that the requested fee award is excessive in relation to the amount of time that the attorneys spent on the case. As a result, the award is unreasonable under the requirements of § 406(b), and the Court will reduce the size of the award by 25% such that the amount is more analogous to other attorney fee awards given in this district.

The requested fee award meets some of the requirements under § 406(b). First, the requested award is approximately 20.8% percent of Plaintiff's past-due benefits, a value which is below the 25 percent threshold imposed by § 406(b). Second, the fee award is reasonable under the first two *Gisbrecht* factors. Plaintiff's representation by Armstrong Law was not substandard. The attorneys obtained two favorable outcomes

for Plaintiff before this Court which ultimately led to an award of past-due benefits for Plaintiff of approximately $239,322.00. *See doc. 40* at 4; *supra* n.1. Further, the attorneys did not cause any unreasonable delay in the resolution of this case. Armstrong Law did not request any deadline extensions in either of Plaintiff's cases before this Court, *see* Case No. 18-cv-1092-KK, *docs. 15, 21*; Case No. 20-cv-1245-GBW, *docs. 26, 34*. In addition, Armstrong Law filed its request for attorney fees in less than two weeks after Plaintiff received his award of past-due benefits from the SSA. *See doc. 40; doc. 40-1* at 16.

Armstrong Law's requested fee award, however, is not reasonable under the third *Gisbrecht* factor because the award is disproportionately large in comparison to the amount of time Plaintiff's counsel spent on the case. Armstrong Law requests $49,830.50 for 62.4 hours (27.6 hours for the first proceeding and 34.8 hours for the second proceeding), which is equivalent to an hourly rate of approximately $798.60. *Doc. 40* at 2, 4. Despite the fact that the time spent by Plaintiff's attorneys in each proceeding is well within the average range of hours for social security appeals in this Circuit, *see Martinez v. Colvin*, 1:15-cv-806 LF, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (stating that "the average hours required to fully brief a social security appeal in the Tenth Circuit generally range from 20 to 40 hours"), the requested fee award is significantly larger than other fee awards given in this district for similar amounts of work., *see, e.g.*, *Chavez v. Saul*, No. CV 20-210 CG, 2021 WL 1978611, at *2-3 (D.N.M. May

18, 2021) (awarding $25,333.63 for 73.3 hours of work); *Garcia v. Saul*, Civ. No. 19-510 GBW, 2021 WL 2711297, at *2-3 (D.N.M. July 1, 2021) (awarding $27,323.75 for 69 hours of work); *Brown v. Kijakazi*, No. 2:18-CV-00920 KRS, 2021 WL 9473575, at *2 (D.N.M. Dec. 23, 2021) (awarding $21,969.00 for 72.4 hours of work).  The fee award in this case has been inflated by Plaintiff's unusually large benefit amount (approximately $239,322.00).  As a result, granting the award would result in an inappropriate "windfall" to Plaintiff's counsel given the amount of time that they spent on the case. *Gisbrecht*, 535 U.S. at 808; *see also Upton v. Saul*, No. CV 19-482 CG, 2021 WL 1517938, at *2-3 (D.N.M. Apr. 16) (reducing a requested fee award from $44,399.50 to $31,920.00 for 45.6 hours of work because granting the full amount requested would be to award the attorney "a windfall from a previously high-earning claimant"), *reconsideration denied*, 2021 WL 2314882 (D.N.M. June 7, 2021).

In addition, Armstrong Law's requested fee award would be equivalent to an hourly rate ($798.50) that is on the high end of hourly rates often awarded in this district.  *See Quezada v. Saul*, No. 1:17-CV-01163-LF, 2019 WL 7293402, at *4 (D.N.M. Dec. 30, 2019) (awarding fees commensurate with a rate of $690 per hour and citing cases awarding fees commensurate with rates of $645 to $700 per hour).  Although Plaintiff's motion cites to three cases in which the Court awarded attorney fees with an equivalent or higher hourly rate than the rate that Armstrong Law requests in this case, *see doc. 40* at 7, these awards were given to attorneys with more experience in social security

appeals than the attorneys who represented Plaintiff in this case. *See Valdez v. Saul*, No. CV 18-444 CG, 2019 WL 4451127, at *2 (D.N.M. Sept. 17, 2019) (awarding an effective hourly rate of $787.00 to an attorney with approximately 30 years of experience[3]); *Herrera v. Saul*, No. CV 19-140 CG, 2021 WL 698658, at *2-3 (awarding an effective hourly rate of $800 to an attorney with 30 years of experience); *Baca v. Saul*, No. CV 17-449 CG, 2020 WL 871547, at *2 (D.N.M. Feb. 21, 2020) (awarding an effective hourly rate of $1,025 to an attorney with more than 30 years of experience). While one of Plaintiff's attorneys, Michael Armstrong, has 35 years of experience, *doc. 40-1* at 36, Mr. Armstrong only provided two hours of representation for Plaintiff, *id.* at 25. The remainder of Plaintiff's representation was provided by Ms. Johnson and Ms. O'Neal who have 5 and 10 years of experience, respectively, *id.* at 26, 33. Given the experience of counsel, the Court finds it reasonable to reduce the requested award by 25% for a total award of $37,373.00 (commensurate with an hourly rate of approximately $599.00) such that the effective hourly rate is more in line with rates from similar cases across the district. *See, e.g., Bright v. Saul*, CIV 19-0575 KBM, 2021 WL 1978692, at *3-4 (reducing the requested award of $32,265.90 (an effective hourly rate of $1295.82) to $12,906.36 (an effective hourly rate of $518.30) in part because the attorney had only been practicing law for 13 years).

---

[3] The attorney's years of experience was described in the underlying motion for attorney fees. *See* Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. §406(b) and Supporting Memorandum, *Valdez v. Saul*, No. 1:18-cv-444-CG (D.N.M. Aug. 9, 2019), ECF No. 21-1 at 24.

8

IT IS THEREFORE ORDERED that Plaintiff's Motion (*doc. 40*) is GRANTED IN PART. The Court hereby authorizes an award of $37,373.00 in attorney fees, to be paid to Michael Armstrong Law Office, LLC, care of Laura Joellen Johnson, by the Commissioner from the funds withheld for this purpose.  The Court further ORDERS that Plaintiff's attorneys reimburse Plaintiff the combined EAJA awards ($12,500.00) pursuant to *Weakley v. Bowen*.  803 F.2d at 580.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**